# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

### NO. 03-05-00585-CR
### NO. 03-05-00586-CR

**Ex parte James W. Ellis**

### NO. 03-05-00589-CR
### NO. 03-05-00590-CR
### NO. 03-05-00591-CR
### NO. 03-05-00592-CR
### NO. 03-05-00593-CR
### NO. 03-05-00594-CR
### NO. 03-05-00595-CR
### NO. 03-05-00596-CR
### NO. 03-05-00597-CR
### NO. 03-05-00598-CR
### NO. 03-05-00599-CR
### NO. 03-05-00600-CR
### NO. 03-05-00601-CR
### NO. 03-05-00602-CR
### NO. 03-05-00603-CR

**Ex parte John Dominick Colyandro**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NOS. 9040564, 9040565, 9040566, 9040567, 9040568, 9040569, 9040570, 9040571, 9040572,
9040573, 9040574, 9040575, 9040576, 9040577, 9040598,
D-1-DC-2005-904121, & D-1-DC-2005-904122
HONORABLE BOB PERKINS, JUDGE PRESIDING**

# **DISSENTING OPINION**

I dissent to the overruling of the State's motion for reconsideration en banc. I agree with a portion of the original panel opinion dated August 22, 2008, explaining why the pertinent election code provisions are not unconstitutionally vague or overbroad. I also agree with that opinion's conclusion that the money laundering statute is not unconstitutionally vague. I do not, however, agree with that opinion's discussion of the money laundering issue. I believe that the Court should grant the State's motion for reconsideration en banc to revisit that issue.

1. **The contention that the money laundering statute is unconstitutionally vague as applied is not properly before us.**

In their briefs to this Court, Ellis and Colyandro contend that the money laundering statute fails to give constitutionally adequate notice of what it prohibits "if money laundering could be committed by check prior to the 2005 amendment." As this quote demonstrates, Ellis and Colyandro do not distinguish between the alleged criminal proceeds and the transaction involving those proceeds that constitutes the alleged money laundering. The definition of "funds" in penal code section 34.01(2) applies only to the criminal proceeds, that is, to the "dirty" money allegedly "laundered." *See* Tex. Penal Code Ann. § 34.01(4) (West Supp. 2008) (defining "proceeds"). The definition of "funds" does not apply to the "transaction involving the proceeds" criminalized by penal code section 34.02(a)(2), that is, to the transaction by which the "dirty" money was allegedly laundered. *See id*. § 34.02(a)(2). For this reason, it is irrelevant that the transfer of money from

TRMPAC to the Republican National State Elections Committee, one of the "transactions involving the proceeds" that constitute the alleged money laundering, was alleged to have been made by check.

Ellis and Colyandro's real contention is that the 2002 version of the money laundering statute cannot constitutionally be applied to them if the contributions to TRMPAC that they allegedly laundered were made by check. In other words, they ask this Court to assume the existence of certain hypothetical and limited facts—namely, that the alleged unlawful corporate contributions to TRMPAC, the "proceeds of criminal activity" they allegedly laundered, were made by check—and to issue an advisory opinion on the constitutionality of applying the money laundering statute to those facts. In essence, Ellis and Colyandro make an "as applied" vagueness challenge to the money laundering statute before the statute has been applied.

Whatever the meaning of the word "funds" in 2002—a question that we need not and should not address at this time—the constitutionality of applying the money laundering statute to Ellis and Colyandro's activities cannot be determined in advance of trial before all the evidence concerning those activities has been adduced. There is no evidentiary basis for this "as applied" challenge because these are pretrial proceedings and the facts have not been developed. Contrary to statements made in the panel's supplemental opinion announced today overruling the State's motion for rehearing, there is no evidence in the record that the corporate campaign contributions to TRMPAC that Ellis and Colyandro are accused of laundering were made by check. An accused may not seek the dismissal of a prosecution prior to trial on a ground that can be resolved only by evidence adduced at trial. *Flores v. State*, 245 S.W.3d 432, 437 (Tex. Crim. App. 2008);

3

*see Ex parte Smith*, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006) (declining to decide in pari materia claim in advance of trial, without complete factual record).

The supplemental opinion emphasizes the Supreme Court's statement in *Hoffman* that we are to "examine the complainant's conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). But in these cases we have no evidence of what the relevant "complainant's conduct" was, so there is nothing to examine.

**2.      The money laundering statute is not unconstitutionally vague on its face.**

Insofar as Ellis and Colyandro make a facial vagueness challenge to the money laundering statute, it fails. It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). If First Amendment rights are not implicated, a vagueness challenge will be sustained only if the statute is vague in all its applications. *Hoffman*, 455 U.S. at 495.[1]

Ellis and Colyandro do not contend that the money laundering statute implicates First Amendment freedoms, and therefore they must show that there is no set of circumstances under which the statute would be valid. *United States v. Salerno*, 481 U.S. 739, 745 (1987). In their briefs, Ellis and Colyandro concede that the pertinent definition of "funds" includes cash. In fact, their challenge to the money laundering statute is premised on the assertion that the relevant definition of "funds" incorporates only cash. As I read the original opinion, which the panel does not

---

[1] For a more relevant discussion of void-for-vagueness in the context of a criminal statute, *see City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (Stevens, J.) (plurality op.) (encapsulating longstanding test for vagueness employed by Supreme Court in context of criminal statute). *See also Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

withdraw, it agrees that the definition of "funds" covers cash and cash equivalents. Thus, Ellis, Colyandro, and the panel majority acknowledge that the money laundering statute may constitutionally be applied to a person who, at the relevant time, engaged in a transaction involving the cash proceeds of criminal activity. Therefore, Ellis and Colyandro have not demonstrated that the statute is vague in all its applications, and their facial challenge fails.

## 3.　It is unnecessary to determine the meaning of "funds."

As the discussion above demonstrates, it is unnecessary and erroneous to construe the 2002 definition of "funds" in order to properly dispose of Ellis and Colyandro's challenges to the money laundering statute. In its original opinion, the panel erred in its strained discussion of an irrelevant issue.

The Court should grant the State's motion for reconsideration en banc, withdraw the original opinion's discussion of Ellis and Colyandro's vagueness challenge to the money laundering statute, and overrule that challenge on the grounds outlined above. Because the Court does not do this, I must dissent.

_____

Jan P. Patterson, Justice

Filed:　March 17, 2009

Publish